While the Federal government has not intervened, the rights of the parties hereto are involved in other litigation in this court, and I have resolved that, under those circumstances, the *status quo* must be preserved.

It is alleged in argument and in affidavits by counsel for the defendant the Guerini Stone Company, that the delay in the construction of said building is due to the fault of the complainant herein. That is denied by the complainant, and is involved in the other litigation, and for this and other reasons satisfactory to the court, the order will be that the injunction be made permanent until the further order of the court, and the defendants restrained from removing from said premises the appliances which are named in the bill.

---

# IN MATTER OF JUAN SANTIAGO RIVERS, Bankrupt.

San Juan, Bankruptcy, No. 50.

Creditors will not be permitted to file their claims outside the year limited by the statute of bankruptcy, where no sufficient showing has been made of diligence, or any reason why their laches should not bring them within the inhibition of the statutory provision.

Opinion filed July 1, 1912.

---

*Mr. José E. Diaz* for the bankrupt.

*Mr. Joseph Anderson, Jr.,* for the creditors.

CHARLTON, Judge, delivered the following opinion:

The referee has certified to the court certain questions on an application of several creditors to be permitted to file their claims outside the year limited by the statute of bankruptcy, and certifying certain other questions which it is not necessary to consider in view of the fact that the decisions under the bankruptcy act and the amendments thereto hold that the time limited by the act, within which claims may be filed, is mandatory upon the court, and must be strictly construed.

The referee is therefore instructed that the petitioning creditors will be denied the right to file their claims, no sufficient showing having been made of diligence, or any reason why their laches should not bring them within the inhibition of the statutory provision.

---

## JACINTO LOPEZ LABORDE ET AL.

### v.

## BUENAVENTURA UBARRI.

---

San Juan, Law, No. 386.

1. Where, pending appeal by defendant without giving a supersedeas bond, execution is issued by plaintiff, and a portion of the amount realized thereupon is given to his attorneys in accordance with a contract by which they were to receive for their services a certain percentage of the amount recovered, they are liable to defendant for a restitution of the amount so received by them.